UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OMAR ANABO,<br><br>Defendant. | No. 2:16-cr-00001-TLN<br><br><br>**ORDER** |

This matter is before the Court on Defendant Omar Anabo's ("Defendant") Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 95.)  Defendant also filed a supplement to his motion.  (ECF No. 100.)  The Government filed an opposition.  (ECF No. 104.)  Defendant filed a reply.  (ECF No. 105.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On January 15, 2016, Defendant pleaded guilty to one count of conspiracy to make false statements on a loan application in violation of 18 U.S.C. § 371.  (ECF No. 13.)  On November 15, 2019, Defendant was sentenced to a 36-month term of imprisonment followed by a 12-month term of supervised release.  (ECF No. 92.)  Defendant is currently serving his sentence at USP Lompoc.  He has served approximately six months of his 36-month sentence of imprisonment and his projected release date is August 13, 2022.

On June 22, 2020, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 95.)  Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic.  Defendant is 58 years old and claims he is particularly vulnerable to COVID-19 because he suffers from obesity, primary hypertension, and has "possible liver inflammation" and "possible diabetes or pre-diabetes."  (*Id.* at 6, 17.)  He cites the conditions of his confinement at Lompoc as an additional factor in his vulnerability.  (*Id.*)  In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (ECF No. 104 at 15.)

### II. ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement.  Defendant made a request to the warden on May 18, 2020.  The warden denied Defendant's request on May 26, 2020.  Because more than 30 days have elapsed since May 18,

1   2020, Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

2   Despite having met the exhaustion requirement, Defendant is eligible for compassionate
3   release only if he can demonstrate there are "extraordinary and compelling reasons" for a
4   sentence reduction and such a reduction is "consistent with applicable policy statements issued by
5   the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Defendant has not met his burden.

6   The Sentencing Commission's relevant policy statement on compassionate release
7   identifies medical conditions that satisfy the "extraordinary and compelling" requirement.
8   U.S.S.G. § 1B1.13, cmt. n. 1(A).  More specifically, the "extraordinary and compelling"
9   requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering
10  from a serious physical or medical condition, serious functional or cognitive impairment, or
11  deteriorating physical or mental health because of the aging process, "that substantially
12  diminishes the ability of the defendant to provide self-care within the environment of a
13  correctional facility and from which he or she is not expected to recover."  *Id.*

14  Defendant's medical records — filed under seal — indicate he is 196 pounds and 5'5,"
15  which places him at the low end of the obese category with a body mass index ("BMI") of 32.6.
16  Defendant's medical records also report he has essential (primary) hypertension, for which he
17  takes two medications.  Although Defendant emphasizes that his medical records also show
18  elevated liver enzymes suggestive of possible inflammation, and elevated glucose and
19  hemoglobin levels suggestive of possible diabetes or pre-diabetes, the Court cannot locate a
20  formal diagnosis for liver inflammation, pre-diabetes, or diabetes in Defendant's medical records.
21  Moreover, Defendant previously tested positive for COVID-19 and has since recovered.
22  Defendant admits he only suffered mild symptoms of COVID-19.  (ECF No. 95 at 19.)

23  The Court is mindful that people with certain medical conditions, including obesity and
24  hypertension, can be more vulnerable to COVID-19.  However, Defendant fails to persuade the
25  Court that his medical conditions qualify as "extraordinary and compelling" reasons for release
26  within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  At age 58, Defendant is
27  not in the high-risk age category for COVID-19.  Further, Defendant's BOP medical records do
28  not reflect any other serious, diagnosed, underlying health conditions.  As to his conditions of

confinement, Defendant has not shown he is unable to manage his health conditions and minimize his risks through self-care. To the contrary, it appears USP Lompoc was capable of adequately monitoring and caring for Defendant when he was previously diagnosed with COVID-19. It is also encouraging that Defendant only suffered mild symptoms of the disease and made a full recovery. The Court acknowledges Lompoc has had one of the worst COVID-19 outbreaks in any federal prison. But as of the date of this Order, the BOP reports only thirteen active inmate cases of COVID-19 and 161 recovered inmates at USP Lompoc. Based on the record before it, the Court cannot say that the past prevalence of the disease in this facility puts Defendant at great and particularized risk in light of his specific health conditions.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant has not met his burden to show there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* U.S.S.G. § 1B1.13(2) (requiring a defendant to demonstrate that he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release).

However, the Court does note that Defendant's 36-month sentence is well below the applicable guideline range of 60 months.[1] Defendant seeks to reduce his sentence to time served

---

[1] Based upon a total offense level of 27 and a criminal history category of I, the PSR found Defendant's guideline imprisonment range to be 70–87 months. However, because the statutorily authorized maximum sentence of five years was less than the minimum of the applicable guideline range, the guideline term of imprisonment became 60 months. *See* USSG § 5G1.1(a).

4

despite having served only approximately six months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, below-guideline, 36-month sentence to a considerably lower six-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 95.)

IT IS SO ORDERED.

DATED: July 21, 2020

Troy L. Nunley
United States District Judge